## HENRY W. WAGNER, Trustee, et al.

### *vs.*

## CONRAD RUHL, Executor, et al.

*Res adjudicata: former proceedings; contract set forth; consent decree. Equity: diligence.*

Where an agreement was entered in full in the record of former proceedings and made the subject of a consent decree to carry it into effect, parties thereto are bound thereby.      p. 21

Parties entitled to equitable relief must use diligence in asserting their rights in order to command the favorable consideration of a court of equity.                              p. 23

*Decided February 11th, 1919.*

Appeal from the Circuit Court No. 2 of Baltimore City. (Ambler, J,)

The facts are stated in the opinion of the Court.

The cause was argued before Boyd, C. J., Briscoe, Thomas, Pattison, Urner, Stockbridge and Constable, JJ.

*William H. Surratt,* for the appellants.

*Randolph Barton, Jr.,* and *Charles F. Stein,* for the appellees.

BRISCOE, J., delivered the opinion of the Court.

This record presents an appeal from a decree of the Circuit Court No. 2 of Baltimore City, passed on the 16th day of May, 1918, dismissing the plaintiff's bill of complaint, filed therein on the 14th of February, 1918.

The bill is filed by the plaintiff as trustee and executor of Anna Maria Ruhl, deceased, and also in his own right as an alleged party in interest against Conrad Ruhl, Jr., executor of Conrad Ruhl, Sr., deceased; Conrad Ruhl, Jr., surviving partner of C. Ruhl and Sons, and also against Conrad Ruhl, Jr., and Henry Ruhl, in their individual capacity as parties in interest.

The case was heard on bill, exhibits, answers and testimony, taken in open Court under section 261 of Article 16 of the Code of Public General Laws.

The Court below at the conclusion of the plaintiff's case declined to hear testimony upon the part of the defendants, and held that the plaintiffs' own testimony showed laches, and a prior settlement in an equity suit in the Circuit Court of Baltimore City and dismissed the bill.

The specific object of the proceeding it will be seen was to annul and vacate a certain assignment, dated November 28th, 1900, for $5,000, executed by Conrad Ruhl, Sr., to Conrad Ruhl, Jr., and charged by the latter as surviving partner against the interest of the deceased partner in the settlement of the partnership affairs of C. Ruhl and Sons, of which they were the sole partners.

The prayer of the bill was: first, that the assignment be declared null and void; second, that Conrad Ruhl, as executor of Conrad Ruhl, Sr., and as surviving partner of C. Ruhl and Sons be required to account to him as trustee for all income and profits properly apportionable to the interests belonging to Conrad Ruhl, Sr., from the time of his death to the extent of the alleged assignment; third, that, he account as executor and surviving partner to him, in his individual capacity for the corpus or principal covered by the alleged assignment, and fourth, for other and further relief.

The material allegations of the bill are denied by the answer, and are in no way supported by the proof.

The charge of forgery in the fourth and seventh paragraphs of the bill as to the signature of Conrad Ruhl, Sr., to the assignment, and to the assignment itself, was abandoned at the hearing and the record discloses no fraudulent conduct on the part of the defendants as to the assignment, either before or after the death of Conrad Ruhl, Sr., the father and partner of Conrad Ruhl, Jr.

The answer avers that the assignment was for a good and valuable consideration was executed and delivered by Conrad Ruhl, Sr., during his lifetime, on the day of its date; that the consideration for the assignment among other things was the desire of Conrad Ruhl, Sr., to equalize the partnership holdings of himself and his son, as he thought that his son had not received that portion of his interest in the firm to which he was fairly entitled.

While the assignment is not filed in the case the proof shows that it was dated the 28th day of November, 1900, and provided as follows: "For value received, I hereby assign unto my son, Conrad Ruhl, Jr., the sum of five thousand dollars as my interest in the firm of C. Ruhl and Sons, which amount is to be deducted from my interest in the partnership and added to his interest therein. As witness my hand and seal this twenty-eighth day of November, 1900," and it is not denied that the signature thereto was in the handwriting of the assignor.

The theory of the plaintiffs case is based upon the contention that the assignment was not valid and effective because an intended gift of an interest in the firm and not having been entered on the books of the firm and perfected in the lifetime of the donor it was void and not enforceable in a Court of Equity.

Whatever may have been the effect upon the assignment of the appellant's contention that it was an incompleted gift and the other questions suggested by the counsel for the appellants in his brief there can be no doubt upon this record that

the appellants are concluded from now raising these questions by a prior settlement, and a decree of the Circuit Court No. 2 of Baltimore City, wherein the appellants in this case were plaintiffs and the appellees were defendants.

It appears that an agreement between the parties to that controversy was entered into, whereby all the differences between all the parties in interest should be adjusted, compromised and settled according to the terms set out in the agreement and that a decree should be passed by the Court carrying into effect the provisions of the agreement.

The proof shows that this very assignment was discussed and considered in the compromise settlement between the parties and the five thousand dollar entry on the books, covered by the assignment was explained by Mr. Stein, one of the counsel in the case, and was accepted as correct by Mr. Thomas G. Hayes and Mr. Harry L. Denny, counsel for the appellants, and by the appellant himself.

The agreement of settlement was in writing signed by the parties and their respective counsel, and is set out in full in the record.

The terms of this agreement and settlement were subsequently on the 16th day of May, 1913, included in a consent decree passed by the Circuit Court of Baltimore City carrying into effect the provisions of this agreement.

By the seventh paragraph of the decree, passed in pursuance of the agreement of the parties thereto filed in the case, it was

"further adjudged, ordered and decreed that the sum of five thousand dollars shall be paid to the said Harry W. Wagner, trustee for Anna Maria Ruhl, in full settlement, release and discharge of all claims and demands of every kind by or on behalf of the said trustee or by or on behalf of the said Anna Maria Ruhl, as his *cestui que trust* for or on account of interest, income or profits for the use of the interests of said Conrad Ruhl, Sr., deceased, by said Conrad Ruhl, Jr., and for and on acount of any other sum to which she may claim to be entitled by reason thereof, whether

against him in his own right or as executor of the said Conrad Ruhl, Sr., and that upon the payment by Conrad Ruhl, Jr., to the said Henry W. Wagner, trustee, of the said sum of five thousand dollars, a release shall be executed by the said Harry W. Wagner, trustee, and by said Anna Maria Ruhl, to the said Conrad Ruhl, Jr., individually and as executor of said Conrad Ruhl, Sr., from all claims and demands of every kind and description whatsoever for on account of the matters in this paragraph of this decree recited."

It also appears, that on the 14th day of July, 1913, Henry W. Wagner, Trustee, and Anna Maria Ruhl, executed the release, provided by the decree, as follows:

"*Know All Men by These Presents,* That we, Henry W. Wagner, also called Harry W. Wagner, trustee under a deed of trust to him from Anna Maria Ruhl, and the said Anna Maria Ruhl, do hereby admit to have received from Conrad Ruhl the sum of five thousand dollars, referred to in the decree in the case of Henry W. Wagner, etc., vs. Conrad Ruhl, etc., Circuit Court of Baltimore City, and in consideration thereof, we, and each of us, do hereby release him, the said Conrad Ruhl, in his own right and as executor of the last will and testament of his father, Conrad Ruhl, Sr., deceased. The same payment being made in conformity with an agreement filed in same case, and which agreement is referred to and made a part of the release.

"As witness our hands and seals this 14th day of July, 1913.

"Henry W. Wagner, Trustee.   (Seal)
"Anna Maria Ruhl.            (Seal)
"Test: Armstead M. Webb."

The decree has long since become enrolled, and no attack upon it has been made, or any effort to set aside the release.

It would, therefore, seem to be clear, upon the record now before us, without considering the other points suggested, in

the argument, that the plaintiff, is concluded by the proceedings, in the former case, from raising here the same questions as were disposed of in that case.

The decree and release would be a sufficient bar to any further controversy between these parties, over the same subject matter, which had been settled and determined, in the former suit, between them, even if the plaintiff had otherwise shown himself entitled to relief.

But apart from this, Conrad Ruhl, Sr., the grandfather of the plaintiff died over eighteen years ago. The decree of settlement was passed and the release was executed over five years ago. The bill in this case was not filed until the 14th of February, 1918, long after the decree had been passed and had become enrolled, although the plaintiff was a party to the proceedings and the agreement upon which the decree was based and passed.

It is, therefore, obvious, under the authorities, that the plaintiff in this case has not shown such diligence in asserting his rights, even if he had been entitled to relief, as to commend him to the favorable consideration of a Court of Equity. *Rice* v. *Donald,* 97 Md. 402; *Warburton* v. *Davis,* 123 Md. 226; *Boyd* v. *Shirk,* 125 Md. 182.

For the reasons stated, we think the Court below was warranted, in any aspect of the case, in dismissing the plaintiff's bill, and the decree must be affirmed.

*Decree affirmed, with costs.*