KENSINGTON REALTY HOLDING CORPORATION, PROSE-
CUTOR, v. CITY OF JERSEY CITY ET AL., DEFEND-
ANTS.

Submitted January 19, 1937—Decided April 30, 1937.

Before Justices PARKER, LLOYD and DONGES.

For the prosecutor, *Adolph P. Kern.*

For the city of Jersey City, *James A. Hamill.*

For Helen G. Wilson, appellant before the board of adjust-
ment, *Joseph F. S. Fitzpatrick.*

The opinion of the court was delivered by

PARKER, J. This is a zoning case. The premises in ques-
tion are on the northwest corner of the Hudson County Boule-
vard and Kensington avenue in Jersey City, and consist of
a building erected as a dwelling house, and the lot whereon it
stands. The district is zoned as residential. The Kensing-
ton Corporation, planning to adapt it for use as an under-
taker's establishment dignified by the name of "Funeral
Home," and deeming that there had been a "non-conforming"
use since before the zoning ordinance, made an application for
permit to alter it as a funeral home, which came through the
usual channels to the board of adjustment; and that board
in March, 1936, granted a permit. The matter seems to
have rested in that condition for about six months, but in

the early fall, the neighbors filed a protest, and the matter came up again before the board of adjustment which, after a hearing, changed its decision and revoked the permit. The present case results as a *certiorari* to that revocation. It is claimed that the board had no legal authority to revoke, but a reading of the argument seems to indicate that it is based on the proposition that the testimony to a non-conforming use was uncontradicted. What testimony there is on this point tends to show that at the time of the passage of the zoning ordinance, the property was used as a doctor's house and office; that later it was used as a tea room; whether after the ordinance or before is not clear, and in our view not material. Based on this evidence, it is argued that the fact that the property was used as a doctor's office, and then as a tea room, establishes a non-conforming use available for any other purpose whatever. In other words, if the owners of a building which had been subjected to the non-conforming use of a tea room wished to use it as a butcher shop or a grocery store, or a gasoline service station, or what not, a status for such other use was established by the fact that a doctor had used it for an office, and that some one had used it as a tea room. We cannot read this either in the statute or the ordinance. We think it clear that the "continuance of a non-conforming use" is a continuance of the same use and not of some other kind of use. The language of section 11 of the statute reads, "Non-conforming building and uses. Any non-conforming use or structure existing at the time of the passage of an ordinance may be continued upon the lot or in the building so occupied," &c. *Pamph. L.* 1928, *p.* 703. The ordinance is of course controlled by the statute.

Now the non-conforming use that existed at the time of the ordinance was either a doctor's office or a tea room; and it is not proposed to conduct either of these on these premises at this time. In the case of *Durkin Lumber Co.* v. *Fitzsimmons,* 106 *N. J. L.* 183, the non-conforming use was a lumber yard both before and after. In the case of *Amon* v. *Rahway,* 117 *Id.* 589, recently decided by us, the non-conforming use was an automobile salesroom or garage and it was desired to add to it.

Prosecutor relies on the case of *Freeman* v. *Hague*, 106 N. J. L. 137, which holds that there is an estoppel against revocation of a permit when the owner has committed himself by building contracts and has incurred substantial expense. But the prosecutor cites no evidence in this case establishing any such state of things, respondents deny that there is such evidence, and on examination of the printed book we fail to find evidence of any substantial alteration or indeed any alteration germane to a "funeral home" or any contract therefor. The case is wholly lacking in any element of financial prejudice to the prosecutor, and without that element no estoppel would arise in this case.

The writ will be dismissed, with costs.