JOHN A. SCHAIBLE, Jr., PROSECUTOR, v. BOARD OF ADJUSTMENT OF THE TOWNSHIP OF MILLBURN, COUNTY OF ESSEX AND STATE OF NEW JERSEY, RESPONDENT.

Submitted August 2, 1937—Decided October 4, 1937.

Before Justice LLOYD, sitting alone by stipulation of the parties.

For the prosecutor, *Harry Silverstein.*

For the respondent, *Reynier J. Wortendyke, Jr.*

LLOYD, J. This is a zoning case and comes before me under a stipulation of facts and a further stipulation that a writ of *certiorari* be issued and determined by me sitting alone without formal return to the writ on the facts as stipulated.

The prosecutor is the owner of a warehouse in Millburn, Essex county, which in 1925, and thence until the present time has been used for the storage of building materials. It is now proposed to use one-third of the building as a warehouse for the "storage of lubricants in cases, cans and drums, which lubricants are used only in the automotive trade; no volatile oils or substances of any nature * * * to be kept on the premises; and no sales and deliveries * * * conducted at the premises."

Application was made to the building inspector of the township of Millburn for a certificate of occupancy for the purposes named. This was denied and on appeal to the board

of adjustment that body refused to overrule the action of the inspector. The writ is to review this action.

It is conceded in the stipulation that the proposed use is in violation of the municipal ordinance.

Passing the propriety of the form of the present application, and in deference to the desire of the parties for a conclusion of the court upón the merits of the case, I proceed to determine what I conceive to be the rights of the parties.

The building as appears from the stipulation was in existence when the constitutional amendment known as the Zoning amendment was adopted and at the time of the passage of the act known as the Enabling act. *Pamph. L.* 1928, *p.* 705. The ordinance in question exists validly only in pursuance of this authority.

Section 11 of the Enabling act provides: "Any nonconforming use or structure existing at the time of the passage of the ordinance may be continued upon the lot or in the building so occupied."

The question is whether the proposed use is of such a change in character as to constitute a new and different use from that existing at the time of the passage of the ordinance. My inclination is to hold that it is not, and that the case is controlled by *North American Building and Loan Association* v. *New Brunswick,* 117 *N. J. L.* 63.

Building materials normally consist not only of lumber, bricks, stone and iron, but of paints, varnishes and many other substances used in building construction. The building in the case before me like that in the cited case was used for storage purposes and storage purposes alone. It is true the materials stored are not continuously identical in the case *sub judice;* neither were they in the New Brunswick case. In the latter it was a change from the storage of sand and gravel and filling trucks therewith, to the storage of cheese and a like filling of trucks from time to time. In the present case it is a change from the storage of building materials to the storage of lubricating oils. We there held that it was within the rights protected by the act of 1928; so I think here the proposed use is likewise within those protected rights.

It is not shown that the variation in materials stored are more or less detrimental to the community or as materials to be stored more dangerous. What might be the situation if the storage contemplated were of explosives, volatile oils, even though subject to storage only, it is not necessary to pass upon. Storage it was and storage it is, without suggestion that the proposed use contemplates the storage of materials harmful to the community.

The action of the zoning board together with that of the building inspector will be set aside, with the direction to issue the certificate prayed for. No costs to be allowed to either side.