KENSINGTON REALTY HOLDING CORPORATION, A COR-
PORATION OF THE STATE OF NEW JERSEY, PROSECU-
TOR-APPELLANT, v. CITY OF JERSEY CITY ET AL.,
DEFENDANTS-RESPONDENTS.

Submitted October 29, 1937—Decided January 26, 1938.

For the appellant, *Adolph P. Kern* (*Samuel Lanzet,* of counsel).

For the respondents, *James A. Hamill.*

For Helen G. Wilson, appellant before the board of adjustment, *Joseph F. S. Fitzpatrick,* as *amicus curiæ,* pursuant to rule of Supreme Court, dated and entered January 20th, 1937.

PER CURIAM.

This is a zoning case. Appellant, prosecutor below, seeks to review a judgment of the Supreme Court affirming the action of the board of adjustment of the city of Jersey City in revoking a permit which had been issued to it to alter and repair its premises, located in a residential zone, and claimed formerly to have been used both as a tea room and as a physician's office, so that it might now be used as a "Funeral Home."

The facts are fully stated in the opinion below. We are

satisfied that the judgment should be affirmed, for the reasons expressed by Mr. Justice Parker in the opinion.

In light, however, of appellant's argument here, we pause to make several brief observations.

1. We find it unnecessary to intimate or express any opinion on the question as to whether the Supreme Court correctly expunged from the record the testimony which appellant took in pursuance of the *allocatur* after the decision of the board of adjustment, but without notice to Helen G. Wilson who, as a property owner, had appealed to the board of adjustment, and, together with other property owners affected, had offered proof in support of the claim that appellant's permit should be revoked. For, a reading of its opinion clearly indicates that the Supreme Court, in reaching its conclusion, did consider the substance of the proofs contained in the depositions and urged in support of appellant's claim. Thus no substantial right of appellant was injuriously affected.

2. We have not overlooked the cases of *North American Building and Loan Association* v. *New Brunswick,* 117 *N. J. L.* 63; 186 *Atl. Rep.* 727, and *Schaible* v. *Board of Adjustment, Township of Millburn,* 15 *N. J. Mis. R.* 707; 194 *Atl. Rep.* 388. Suffice it to note that these are Supreme Court cases, and, moreover, they involve facts which are clearly distinguishable from the facts in the case at bar.

3. In addition to the reason stated for the inapplicability of the holding in *Freeman* v. *Hague,* 106 *N. J. L.* 137; 147 *Atl. Rep.* 553, we call attention to what was said in reference thereto in the case of *Dickinson* v. *Plainfield,* 13 *N. J. Mis. R.* 260 (at *p.* 265); 176 *Atl. Rep.* 716; *affirmed,* 116 *N. J. L.* 336; 184 *Atl. Rep.* 195.

Accordingly the judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFS-KEIL, RAFFERTY, WALKER, JJ. 12.