54 So.2d 580

## FULFORD et al. v. BOARD OF ZONING ADJUSTMENT OF CITY OF DOTHAN.
### 4 Div. 652.

Supreme Court of Alabama.
Oct. 18, 1951.

T. E. Buntin and L. A. Farmer, Dothan, for appellants.

Lewis & Lewis, C. R. Lewis and P. S. Lewis, all of Dothan, for appellee.

338

SIMPSON, Justice.

This is a zoning case. The question is whether the sale of beer, under a duly issued license, in a restaurant known as the "Wagon Wheel" would be an unauthorized extension of that nonconforming business under the zoning ordinance of the city of Dothan.

"Wagon Wheel" is in a "Residential B" section of the city, where restaurants are not permitted. This nonconforming business, however, having been extant when the ordinance was enacted, is permitted to continue as such under Article 11, § 112.1 of the said ordinance, but this use of the property is strictly limited to that specific business, § 112.2 providing that "no nonconforming use or structure shall hereafter be extended unless such extensions conform with the provisions of this ordinance for the district in which it is located."

 The ordinance was passed in 1946 and at that time until now, "Wagon Wheel" had no license to sell beer. It did strictly a restaurant business, selling food and incidental thereto coffee, tea, milk and soft drinks. In January of this year the restaurant sought to extend the business by procuring a license to sell beer. Residents in the area objected and the Board of Zoning Adjustment denied the permit on the ground that it was an unauthorized extension of this nonconforming business. "Wagon Wheel" appealed to the circuit court, where the ruling of the Board was affirmed, and now brings this appeal from that judgment.

The judgment of the circuit court in part recites:

"The Court is of the opinion that the sale of intoxicating beverages, including beer, is not within the purview of the restaurant business. This question, however, in this jurisdiction, so far as the Court has been able to determine, is new, but referring to other jurisdictions the Court finds the following:

" 'A restaurant is defined by Webster to be an eating house and such it has always been construed under the law and not where intoxicants are dispensed under the guise of running a restaurant, a restaurant keeper in contemplation of law is not a saloon keeper.' 37a Words & Phrases, Page 62 ( [Savage v. State, 50 Tex.Cr.R. 199] 88 S.W. 351). 'A restaurant does not necessarily mean a beer and wine restaurant, and a written lease of premises for use as a restaurant did not obligate landlord to assent to application for a beer and wine license.' 37 Words & Phrases, page 60, ( [Saul v. McIntyre, 190 Md. 31] 57 A.2d 272).

"Premises considered, it is ordered, adjudged and decreed by the Court that the use of the premises known as the 'Wagon Wheel' in the City of Dothan, Alabama, in the sale of beer in connection with the operation of a restaurant on said premises was and is an unlawful and unauthorized extension of the non-conforming restaurant business under the Zoning Ordinance of the City of Dothan, Alabama, passed and approved by the City Commission on the 7th day of May, 1946.

"It is further ordered, adjudged and decreed by the Court that the beer license issued by L. R. Driggers, as City Clerk of the City of Dothan, Alabama, on the 3rd day of January, 1951, authorizing the sale of beer at the 'Wagon Wheel' in the City of Dothan, Alabama, be, and the same is hereby cancelled and held for naught."

 We are in accord with the foregoing conclusion and approve the authorities cited.

The intention of the zoning act as regards a use of the nonconforming property "is to restrict any increase of any nonconforming use" Conaway v. Atlantic City, 107 N.J.L. 404, 407, 154 A. 6, 8, and " 'continuance of a nonconforming use' is a continuance of the same use and not of some other kind of use". Kensington Realty Holding Corp. v. Jersey City, 118 N.J.L. 114, 115, 191 A. 787, 788; Burmore Co. v. Smith, 124 N.J.L. 541, 12 A.2d 353, 356; Lane v. Bigelow, 135 N.J.L. 195, 50 A.2d 638; Yokley, Zoning Law and Practice, p. 261, § 135.

It is also declared that if the extension of the nonconforming use is materially different from the previous use and in itself creates new problems, such nonconforming use would be unauthorized. Yokley, supra, p. 263, § 136; President and Trustees of Village of Ossining v. Meredith, 190 Misc. 142, 73 N.Y.S.2d 897.

Zoning is "For the purpose of promoting health, safety, morals or the general welfare of the community" § 774, Title 37, Code 1940, and it would be regarded as rather a naive conclusion should we declare that there is no material distinction between the strictly restaurant business and the retail beer business and between the sale of coffee, tea, milk and soft drinks as an incident to the sale of food and the sale of intoxicating beverages. We think it not fairly debatable that intoxicating liquors are in a class by themselves and not to be regarded as one of the ordinary commodities of food or other harmless products. Indeed, we have said as much. State ex rel. Wilkinson v. Murphy, 237 Ala. 332, 337(9), 186 So. 487, 121 A.L.R. 283. That the carrying on of the business of selling beer and other intoxicants entails new problems and extra policing and creates new conditions vastly more undesirable in residential areas that the mere restaurant business seems to us to be quite clear.

In determining the question, each case must rest on its own particular facts, Yokley, supra, p. 264, § 137; National Lumber Products Co. v. Ponzio, 133 N.J.L. 95, 42 A.2d 753; and we think it reasonable to conclude that when § 112.1 and § 112.2 were enacted as a part of the zoning ordinance, the intention was manifest to prohibit an extension such as here contended for in the use of such nonconforming property. As somewhat sustentive by way of analogy, see City of Dallas v. Haworth, Tex.Civ.App., 218 S.W.2d 264, and Miller v. Zoning Commission of City of Bridgeport, 135 Conn. 405, 65 A.2d 577, 9 A.L.R. 2d 873.

Affirmed.

LIVINGSTON, C. J., and FOSTER, LAWSON and GOODWYN, JJ., concur.