33 N.J. Super. 16 (1954)
109 A.2d 292
EDWARD KRAMER, PLAINTIFF-RESPONDENT,
v.
TOWN OF MONTCLAIR, A MUNICIPAL CORPORATION, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 1, 1954.
Decided November 10, 1954.
*17 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. George K. Meier, Jr., argued the cause for plaintiff-respondent.
Mr. Robert B. Shepard, Jr., argued the cause for defendant-appellant.
The opinion of the court was delivered by CLAPP, S.J.A.D.
This is a zoning case raising one question: is a nonconforming right to use certain premises for the parking of 1 1/2-ton trucks violated by the parking there of 6-ton trucks. The trial court found no violation, and the defendant, the Town of Montclair, appeals.
The premises are in a residential zone in which the commercial storage of motor vehicles is prohibited. Under the nonconforming right, however, as many as 60 trucks have been parked on the premises, all apparently (this seems to be the assumption of the stipulation before us, as shown by the pictures in evidence) outdoors, each truck being 1 1/2 tons, 22 feet in length and 7 1/2 feet in height. Presently there are only 15, or fewer, of these trucks on the premises; but with them  this is what gives rise to the controversy  there *18 are now parked 9 fuel oil trucks of the truck tractor or semi-trailer type, each 6 tons, 40 feet in length and 9 feet high. The fuel oil trucks are empty when parked and are neither more hazardous nor indeed more noisy than the smaller trucks. There is no noticeable odor to any of the trucks. All this is stipulated.
The town's argument is predicated upon the settled proposition that the law does not tolerate the increase of nonconforming uses, but on the contrary calls for their restriction. Lumund v. Bd. of Adjustment of the Borough of Rutherford, 4 N.J. 577, 585 (1950). But there is no increase here either in the total tonnage or in the total length of the trucks stored or, so far as appears, in the total area devoted to parking. What the effect of any such increase would be, we do not have to say. Nyburg v. Solmson, Md., 106 A.2d 483, 488 (Ct. App. 1954); Building Commissioner of Medford v. McGrath, 312 Mass. 461, 45 N.E.2d 265 (Sup. Jud. Ct. 1942); De Felice v. Zoning Bd. of Appeals, 130 Conn. 156, 32 A.2d 635, 147 A.L.R. 167.
Suffice it here to observe that we see no factor by which to measure any enlargement except that some of the trucks are bigger. But we do not think that this extends the use under the circumstances. The two cases relied upon by the town, Home Fuel Oil Co. v. Glen Rock, 118 N.J.L. 340 (Sup. Ct. 1937) and National Lumber Products Co. v. Ponzio, 133 N.J.L. 95 (Sup. Ct. 1945), do not aid its position.
There was no increase of the use. Was there then, as the town also urges, a change in the kind of the use? Kensington Realty, etc., Corp. v. Jersey City, 118 N.J.L. 114 (Sup. Ct. 1937), affirmed 119 N.J.L. 338 (E. & A. 1938). So far as we can ascertain the change is insignificant. See N. American, etc., v. Bd. Adjust., New Brunswick, 117 N.J.L. 63 (Sup. Ct. 1936), and Schaible v. Board of Adjustment, Twp. of Millburn, 15 N.J. Misc. 707 (Sup. Ct. 1937), as to changes in materials stored where the storage was inside a building. See also Stout v. Mitschele, 135 N.J.L. 406 (Sup. Ct. 1947).
*19 We agree with the trial court's conclusions. However, paragraphs 2 and 3 of the judgment below are too broad; they should be limited to the facts of the case. A special form of mandate may be submitted accordingly.
Modified.