75 N.J. Super. 17 (1962)
182 A.2d 137
TOWNSHIP OF NORTH BERGEN IN THE COUNTY OF HUDSON, A TAXING DISTRICT OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
THOMAS S. LEE ENTERPRISES, INC. AND DIVISION OF TAX APPEALS IN THE DEPARTMENT OF THE TREASURY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 14, 1962.
Decided May 25, 1962.
*18 Before Judges PRICE, SULLIVAN and LEWIS.
Mr. Nicholas S. Schloeder argued the cause for appellant.
Mr. Joseph A. Davis argued the cause for respondent Thomas S. Lee Enterprises, Inc. (Messrs. O'Mara, Schumann, Davis & Lynch, attorneys; Mr. Davis, of counsel).
Mr. Arthur J. Sills, Attorney General of New Jersey, attorney for respondent Division of Tax Appeals (Mr. Alan B. Handler, Deputy Attorney General, of counsel), filed statement in lieu of brief.
*19 The opinion of the court was delivered by LEWIS, J.A.D.
The Township of North Bergen, County of Hudson, appeals from a judgment of the Division of Tax Appeals, Department of the Treasury, reducing the 1959 tax assessment of $80,000 to the sum of $500 on a "TV Transmitter Building" owned by respondent Thomas S. Lee Enterprises, Inc. (hereafter Enterprises).
The subject property was originally constructed in 1949 as a part of the WOR-TV broadcasting facilities. In 1953 the operations of this unit were transferred to New York City. A 775 foot broadcasting tower, formerly on taxpayer's property, was demolished shortly after the disaster on November 8, 1956 which resulted from an airplane collision with the tower. The special purpose (transmitter) building, which was adjacent to said tower, remains and is unoccupied; it is of brick construction, with a concrete plank roof, cement flooring, and "extra heavy walls with an extra heavy foundation to avoid vibration." The structure contains 3290 square feet previously devoted to service and equipment space, and 1666 square feet of garage area. The interior of the edifice is presently dismantled to the extent that the broadcasting and soundproofing equipment, wiring, ducts, and floor covering have been removed.
The municipal tax assessment for the year 1959 was land $40,800, improvements $80,000, aggregating $120,800. The Hudson County Board of Taxation sustained the assessment as to the land, but reduced the improvement assessment to $32,000. The township filed a petition of appeal with the Division of Tax Appeals, and the taxpayer cross-appealed. Both reviews were limited to the assessment on the building.
Joseph Rubenstein, an expert for the township whose qualifications as a realtor were admitted, testified that he evaluated the property in question at $80,000 (replacement costs, depreciation and obsolescence were taken into consideration) and that, in his opinion, it was "very desirable office space, and, of course, the garage on account of the type of construction could be converted for additional office space *20 or so used for garage purpose. It is a very excellent building." He voiced the opinion that the property could be used for such purposes under the existing zoning laws of the township and without an application for a variance. Under cross-examination he explained, "That is my understanding of the zoning law now."
Kenneth Fisk, a realtor, after stating his qualifications as a specialist in appraising real estate, gave evidence on behalf of Enterprises. His testimony did not conflict with that of Rubenstein concerning the nature of the improvement and its substantial construction. However, he expressed his conviction that the building "no longer had a purpose in life" since it was "vacated by the broadcasting people and the tower torn down"; because of the zoning restrictions it could only be used for residential purposes; and it would be too expensive and impractical to convert the property into such a use. Fisk maintained that the building "is almost 100 per cent obsolete because of the zoning," and that it did not have any commercial value and "could not be sold, in my opinion, to be used for anything." He testified that "the building would have to be moved before you could use the land under the existing zoning law," and that he considered the building to be of "no value  nominal value perhaps $500 or so."
It was stipulated that the taxpayer had received an offer from the New Jersey Bell Telephone Company to purchase the property (land and building); informal discussions were had with responsible township officers relating to the "possibility of a change in the zoning of the area"; and that no formal application for a variance had been made "because the indications were that, if made, it would be denied." The evidence, however, does not disclose that a variance under the circumstances was or was not in fact necessary.
The Division of Tax Appeals in its "Findings of Fact and Order for Judgment" concluded:
"We find as facts that the building in question was specially constructed as a broadcasting studio and this use has been abandoned. *21 The property is in a residential zone and the building cannot be used for residential purposes. While originally a non-conforming use, the property is now governed by the applicable zoning ordinance. We find that the building is not saleable and therefore has no market value except as salvage. We find as a fact that the true value of the building for the tax year under review is $500."
This court recently, in Arkam Machine & Tool Co. v. Township of Lyndhurst, 73 N.J. Super. 528, 532, 533 (App. Div. 1962), pointed out that a nonconforming use is not restricted to the identical particular use which was in existence at the time of the enactment of the zoning ordinance, but embraces the same or a substantially similar use within the zoning classification, citing North American Building & Loan Ass'n. v. Board of Adjustment of City of New Brunswick, 117 N.J.L. 63 (Sup. Ct. 1936); Schaible v. Board of Adjustment, Twp. of Millburn, 15 N.J. Misc. 707, 194 A. 388 (Sup. Ct. 1937); Lane v. Bigelow, 135 N.J.L. 195 (E. & A. 1947); Stout v. Mitschele, 135 N.J.L. 406 (Sup. Ct. 1947); Kramer v. Town of Montclair, 33 N.J. Super. 16 (App. Div. 1954); Heagen v. Borough of Allendale, 42 N.J. Super. 472 (App. Div. 1956); Moore v. Bridgewater Twp., 69 N.J. Super. 1 (App. Div. 1961); 1 Yokley, Zoning Law and Practice (2d ed. 1953), sec. 149, p. 366; 2 Metzenbaum, Law of Zoning (2d ed. 1955), c. X-g(3), pp. 1241-1243; 8 McQuillin, Municipal Corporations (3d ed. rev.), sec. 25.202, p. 505.
The rights of a nonconforming user are protected by statute R.S. 40:55-48, but they "must be contained, consonant with the spirit of a unified zoning plan." See Grundlehner v. Dangler (concurring opinion by Justice Burling), 29 N.J. 256, 274 (1959). A variance is not required for a continuation of a nonconforming use. National Lumber Products Co. v. Ponzio, 133 N.J.L. 95, 96 (Sup. Ct. 1945).
The vital question posited by the issue of abandonment of the nonconforming use status was not limited to *22 the mere determination that the use of the property as a broadcasting station had been discontinued. Abandonment is the intentional relinquishment of a known right and presents an issue of fact. Donovan v. Gabriel and Gruber, 57 N.J. Super. 542, 553, 554 (App. Div. 1959). Judge Goldmann, in writing a concurring opinion in that case, further declared:
"* * * To establish abandonment of a nonconforming use there must be an intention to abandon as well as an external act (or omission to act) by which such intention is carried into effect. These elements must concur." (Authorities cited)
Neither the applicable zoning ordinance or ordinances nor an excerpt of any pertinent provisions thereof appears in the record before us. A footnote in appellant's brief furnishes this general information:
"North Bergen is zoned into five districts, Residential `A', Residential `B', Business `C', Commercial or Light Industrial `D' and Heavy Industrial `E'. On June 23rd, 1948 zoning changed from Residential `B' to Light Industrial `D' to provide for the WOR-TV broadcasting station. On July 10th, 1957 the property was zoned back from `D' to `B'."
The proofs as to true value, proffered by Enterprises, were predicated upon the assumption of total obsolescence due to zoning restrictions. Such testimony could reasonably support the conclusions of the Division only if it had been established by competent evidence that there had been an actual abandonment of the nonconforming use status and that the prevailing zoning ordinance prohibited the use of the subject property except for dwelling purposes. The findings of the Division must be supported by substantial evidence. City of Passaic v. Botany Mills, 72 N.J. Super. 449, 454 (App. Div. 1962).
Competent reliable evidence is lacking in these proceedings (1) as to the prevailing zoning provisions and their *23 specific effect upon the present available use of the taxpayer's property, and (2) concerning the elements of intent and overt acts (other than the discontinuance of a single use) essentially necessary for consideration in determining an abandonment of a nonconforming use status.
The inconclusiveness of the proofs and the inadequacy of the record preclude us from making a rational conclusion on the merits of the issues involved. Accordingly, we are impelled to remand the case to the Division of Tax Appeals for a further hearing, and a determination consonant with its subsequent findings.
Reversed and remanded.