Robert Davis d/b/a Solid Gold, Inc., appeals from a judgment of the trial court upholding a decision of the State of Alabama Alcoholic Beverage Control Board (ABC *Page 449 
Board) denying a renewal of his lounge liquor license.
By a letter to the ABC Board dated August 20, 1991, Thomas Sullivan, the City of Mobile council member representing the district in which Davis operated his business, protested the renewal of Davis's liquor license for the lounge known as the Solid Gold Social Club (lounge), stating that he had received several complaints from nearby residents that shootings, prostitution, and drug deals had occurred at the lounge. The ABC Board notified Davis of protests it had received that the lounge's "operation and location [were] prejudicial to the health, welfare and morals of the community."
The ABC Board held a hearing on the protests on September 26, 1991. By a letter dated October 11, 1991, the ABC Board notified Davis that it had denied a renewal of his liquor license. Davis appealed the Board's decision to the Mobile County Circuit Court, which, following an ore tenus hearing, affirmed the Board's decision.
The sole issue presented to this court on appeal is whether the ABC Board's decision not to renew Davis's liquor license for his lounge was clearly erroneous, unreasonable, arbitrary, or an abuse of discretion.
The ABC Board may refuse the renewal of liquor licenses for "good cause," provided that "within one month prior to the scheduled date of expiration of such licenses the applicant shall have been notified by the board of objections to the [renewal] signed by persons authorized to do so." § 28-3A-5(b), Ala. Code 1975. The judicial review of such an action in circuit court is governed by § 41-22-20, Ala. Code 1975. Dawson v.Department of Environmental Management, 529 So.2d 1012
(Ala.Civ.App. 1988). Section 41-22-20(k) provides that "the agency order shall be taken as prima facie just and reasonable and the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact, except where otherwise authorized by statute." The trial court may reverse, modify, or alter a decision of the ABC Board if the Board's action was clearly erroneous, unreasonable, arbitrary, capricious, or an abuse of discretion. § 41-22-20(k)(6), (7), Ala. Code 1975. In reviewing a trial court's determination as to the propriety of an ABC Board action, this court's standard of review is the same as that of the trial court. Dawson, supra.
The record of the ABC Board's hearing reflects that the lounge is located in Mobile, at 1385 Dr. Martin Luther King, Jr., Avenue, an area of mixed commercial and residential properties. Neighborhood residents testified that the lounge's patrons discharged firearms; brawled in the parking lot; made excessive noise; loitered; trespassed; deposited weapons and narcotics in neighborhood yards; illegally parked their cars; and urinated, defecated, and engaged in sexual activities on the residents' property. Supporting testimony was offered by George Boan and Kenneth Kirkland, two ABC Board employees, and by Sgt. Kay Taylor of the Mobile Police Department. Boan, an ABC Board district supervisor, testified that he had personally observed loitering, noise, and illegal parking at the lounge, and he stated that during an investigation of the lounge he had been approached by prostitutes working the area. Kirkland, an ABC Board agent, played a videotape that he had made of the parking lot and the area surrounding the lounge; on that tape he had captured an apparent drug deal. Sgt. Taylor presented a telephone log listing 95 complaints lodged with the police department between January 1, 1990, and September 25, 1991, concerning activities allegedly occurring inside the lounge or on its premises.
Davis denied that his patrons were responsible for the illegal activities that had occurred in the vicinity, blaming persons driving by and the occupants of a nearby house for causing the trouble. However, after a thorough review of the record, we find that the ABC Board heard substantial evidence that the operation of the lounge was prejudicial to the health, welfare, and morals of the community. Consequently, we cannot hold that the Board's action was clearly erroneous, unreasonable, arbitrary, or an abuse of discretion. *Page 450 
The judgment of the trial court is affirmed. AFFIRMED.
THIGPEN and YATES, JJ., concur.