819 So.2d 46 (2000)
STATE ALCOHOLIC BEVERAGE CONTROL BOARD
v.
Sussan Nejat SHABANI d/b/a Short Cut Food Mart.
2990215.
Court of Civil Appeals of Alabama.
May 26, 2000.
Rehearing Denied July 28, 2000.
*47 Robert S. Hill, asst. atty. gen., Alabama Alcoholic Beverage Control Board, for appellant.
William D. Hudson, Gadsden, for appellee.
YATES, Judge.
The State Alcoholic Beverage Control Board (hereinafter "ABC Board") appeals from a judgment in favor of Sussan Nejat Shabani d/b/a Short Cut Food Mart ("Shabani").
In 1996, Shabani, operator of a convenience store, applied to the City of Gadsden for a license to sell beer and wine for off-premises consumption. Shabani's store is located in a residential area. A convenience store has operated in that location for the past 30 years. In 1982, the City of Gadsden adopted new zoning ordinances; and the convenience store was "grandfathered" in as a nonconforming use and was allowed to continue to operate. The previous owners had had a license to sell beer and wine for off-premises consumption, until 1989, when they let the license lapse.
Shabani bought the store in 1991 and applied in 1992 and in 1995 for a license to sell beer and wine. Shabani's applications were denied, because the store is located in an area zoned for residential use and the store is a nonconforming use. The City Council stated that the zoning ordinances do not permit enlargement, expansion, or extension of nonconforming uses and the sale of alcohol would require an exception, which the council would not grant because of neighborhood opposition and the proximity to schools.
In 1996, Shabani applied for an off-premises beer and wine license. The City Council denied the application as an expansion of nonconforming use. Shabani then applied to the ABC Board, limiting her application for a license to an application to sell only beer. The ABC Board, as part of its procedure, conducted a neighborhood survey concerning the issuance of the license. The survey indicated that of those persons surveyed, approximately 70% disapproved, 10% approved, and 20% did not respond. Shabani submitted a petition to the ABC Board with over 100 signatures of her customers in support of her application.
The ABC Board denied the application, finding that the beer license would expand a nonconforming use and would violate the City zoning ordinances. Shabani then petitioned the Etowah County Circuit Court for review of the ABC Board's decision, *48 pursuant to § 41-22-20, Ala.Code 1975, part of the Alabama Administrative Procedure Act.
The circuit court entered an order reversing the decision of the ABC Board, based on the transcripts of the ABC Board proceedings and the briefs and arguments of the parties. The court held that the language of the zoning ordinance is ambiguous in regard to the addition of a product line to an existing store located in a non-conforming-use area. The court noted that the City had allowed Shabani to expand her store in 1997 to add a delicatessen. The addition required remodeling and plumbing work and was done with the knowledge of the City. The court stated that under the City zoning ordinances the operation of a delicatessen is a separate classification of business from the operation of a convenience store, while the sale of beer for off-premises consumption is not classified separately. The court held that the ABC Board's decision was erroneous, in light of the substantial evidence in the record, holding that the addition of beer and wine was not an expansion of a nonconforming use in light of the City's allowance of an additional type of business in the store.
Our review of this case is governed by § 41-22-20, Ala.Code 1975. Davis v. State Alcoholic Beverage Control Bd., 636 So.2d 448 (Ala.Civ.App.1994). Although the legislature, in 1995, adopted § 28-1-7, which applies to Class 4 municipalities, Gadsden is a Class 5 municipality and is not subject to § 28-1-7.[1] Section 41-22-20(k) provides that "the agency order shall be taken as prima facie just and reasonable and the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact, except where otherwise authorized by statute." Pursuant to § 41-22-20(k)(6) and (7), the circuit court may reverse, modify, or alter a decision of the ABC Board if the Board's action was arbitrary, capricious, or an abuse of discretion. In reviewing a circuit court's determination as to the propriety of an ABC Board decision, this court's standard of review is the same as that of the circuit court. Davis, 636 So.2d 448.
With regard to nonconforming uses, § 24-110(a) of the City zoning ordinances provides, in part:
"(a) ... It is the intent of this chapter to permit these nonconformities to continue until they are removed but not to encourage their survival. It is further the intent of this chapter that nonconformities shall not be enlarged upon, expanded or extended, nor be used as grounds for adding other structures or uses not permitted elsewhere in the same district.
"Nonconforming uses are declared by this chapter to be incompatible with permitted uses in the districts involved. A nonconforming use of a structure, a nonconforming use of land or a nonconforming *49 use of structure and land in combination shall not be extended or enlarged by attachment on a building or premises of additional signs intended to be seen from off the premises or by addition of other uses of a nature which would be prohibited generally in the district involved."
Section 24-113 provides:
"(a) Continuance. Where a lawful use of a structure, or of structures and premises in combination, exists on the effective date of this chapter or of amendment thereto, which use would not be permitted by the regulations imposed by this chapter or by amendment thereto, the use may be continued so long as it remains otherwise lawful.
"(b) Enlargement. No existing structure devoted to a use not permitted by this chapter or by amendment thereto in the district in which it is located shall be enlarged, extended, constructed, reconstructed, moved or structurally altered except in changing the use of this structure to a use permitted in the district in which it is located.
"(c) Extension. Any nonconforming use may be extended throughout any parts of a structure which were manifestly arranged or designed for such use, but no such use shall be extended to occupy any land outside such structure."
The convenience store is allowed to operate in a residential district because it existed in that neighborhood before the zoning ordinances were enacted. A delicatessen is a separate classification from a convenience store and is not allowed to operate in a residential area. The delicatessen in this case, did not exist before the adoption of the zoning ordinances, and it appears to be an expansion of a nonconforming use. However, if the City interprets its zoning ordinances to allow such a use, as it did in the present case, then the addition of beer to be sold off-premises should be allowed as well.
In Fulford v. Board of Zoning Adjustment of City of Dothan, 256 Ala. 336, 54 So.2d 580 (1951), a restaurant petitioned for a license to sell beer. The restaurant was located in a residential area and had been "grandfathered" in as a nonconforming use because it had existed before the zoning ordinances were enacted. The city ordinance provided that "no nonconforming use or structure shall hereafter be extended unless such extensions conform with the provisions of this ordinance for the district in which it is located." 256 Ala. at 338, 54 So.2d at 580. The supreme court held that the selling of beer at the restaurant was an unlawful extension of a nonconforming use. The court noted that the selling of beer "entails new problems and extra policing and creates new conditions vastly more undesirable in residential areas [than] the mere restaurant business." 256 Ala. at 339, 54 So.2d at 582.
Fulford is distinguishable from the present case, because it involved the sale of beer for on-premises consumption. The court's reasoning in Fulford appears to be that additional police and safety measures must be taken when beer is consumed on premises. In the present case, however, the license is for selling beer for off-premises consumption, which does not require the amount of policing that on-premises consumption does.
Although the trial court granted Shabani a beer and wine license, both parties agree that Shabani's application to the ABC Board involved a license to sell only beer. Therefore, the judgment of the circuit court is affirmed as to the issuance of a license to sell only beer.
AFFIRMED.
*50 ROBERTSON, P.J., and MONROE and THOMPSON, JJ., concur.
CRAWLEY, J., dissents.
CRAWLEY, Judge, dissenting.
I would reverse the circuit court's reversal of the Board's decision to deny Shabani's request for an off-premises beer license. The Board's decision is presumed correct. Ala.Code 1975, § 41-22-20(k); Davis v. State Alcoholic Beverage Control Bd., 636 So.2d 448 (Ala.Civ.App.1994). After reviewing the record, I conclude that the Board's decision to deny Shabani's request is supported by the evidence. The Board considered the impact a beer license would have on the neighborhood, the neighborhood's opposition to the request, and the apparent noncompliance with the applicable zoning laws if the request for the license was granted. Therefore, I dissent.
NOTES
[1] In 1996, the legislature also adopted § 28-1-6, which applies to Class 1 and Class 2 municipalities, and prohibits the ABC Board from issuing licenses, except under certain circumstances. Section 28-1-6 provides that when there is an appeal to the circuit court, the judge hears the evidence de novo, without any presumption in favor of the municipality. In City of Montgomery v. Glenn, 749 So.2d 478 (Ala.Civ.App.1999), Montgomery, as a Class 2 municipality, was subject to § 28-1-6. However, when the classification of municipalities was adopted in 1979 in § 11-40-12, Montgomery was a Class 3 municipality, with a population of 133,386. By the most recent census, Montgomery is a Class 2 municipality. Accordingly, we will apply the 1990 census in the present case. We note too that there is a question whether Gadsden's form of government meets § 11-44B-1, which is also required for § 28-1-7 to apply.