819 So.2d 50 (2001)
Ex parte ALABAMA ALCOHOLIC BEVERAGE CONTROL BOARD.
(In re State Alcoholic Beverage Control Board v. Sussan Nejat Shabani d/b/a Short Cut Food Mart).
1992121.
Supreme Court of Alabama.
June 29, 2001.
Robert S. Hill, asst. atty. gen., Alabama Alcoholic Beverage Control Board, for petitioner.
William D. Hudson, Gadsden, for respondent.
*51 WOODALL, Justice.
The Court of Civil Appeals affirmed the judgment of the Etowah Circuit Court that ordered the Alcoholic Beverage Control Board ("ABC Board") to issue to Sussan Nejat Shabani d/b/a Short Cut Food Mart ("Shabani") a license to sell beer for off-premises consumption. Alcoholic Beverage Control Bd. v. Shabani, 819 So.2d 46 (Ala.Civ.App.2000). The ABC Board petitioned this Court for certiorari review, contending that the Court of Civil Appeals had improperly substituted its judgment for that of the ABC Board. We granted the petition, and we reverse and remand.
The Court of Civil Appeals set forth in its opinion the factual and legal history of this case:
"In 1996, Shabani, operator of a convenience store, applied to the City of Gadsden for a license to sell beer and wine for off-premises consumption. Shabani's store is located in a residential area. A convenience store has operated in that location for the past 30 years. In 1982, the City of Gadsden adopted new zoning ordinances and the convenience store was `grandfathered' in as a nonconforming use and was allowed to continue to operate. The previous owners had had a license to sell beer and wine for off-premises consumption, until 1989, when they let the license lapse.
"Shabani bought the store in 1991 and applied in 1992 and in 1995 for a license to sell beer and wine. Shabani's applications were denied, because the store is located in an area zoned for residential use and the store is a nonconforming use. The City Council stated that the zoning ordinances do not permit enlargement, expansion, or extension of nonconforming uses and the sale of alcohol would require an exception, which the council would not grant because of neighborhood opposition and the proximity to schools.
"In 1996, Shabani applied for an off-premises beer and wine license. The City Council denied the application as an expansion of nonconforming use. Shabani then applied to the ABC Board, limiting her application for a license to an application to sell only beer. The ABC Board, as part of its procedure, conducted a neighborhood survey concerning the issuance of the license. The survey indicated that of those persons surveyed, approximately 70% disapproved, 10% approved, and 20% did not respond. Shabani submitted a petition to the ABC Board with over 100 signatures of her customers in support of her application.
"The ABC Board denied the application, finding that the beer license would expand a nonconforming use and would violate the City zoning ordinances. Shabani then petitioned the Etowah County Circuit Court for review of the ABC Board's decision, pursuant to § 41-22-20, Ala.Code 1975, part of the Alabama Administrative Procedure Act.
"The circuit court entered an order reversing the decision of the ABC Board, based on the transcripts of the ABC Board proceedings and the briefs and arguments of the parties. The court held that the language of the zoning ordinance is ambiguous in regard to the addition of a product line to an existing store located in a nonconforming-use area. The court noted that the City had allowed Shabani to expand her store in 1997 to add a delicatessen. The addition required remodeling and plumbing work and was done with the knowledge of the City. The court stated that under the City zoning ordinances the operation of a delicatessen is a separate classification of business from the *52 operation of a convenience store, while the sale of beer for off-premises consumption is not classified separately. The court held that the ABC Board's decision was erroneous, in light of the substantial evidence in the record, holding that the addition of beer and wine was not an expansion of a nonconforming use in light of the City's allowance of an additional type of business in the store."
819 So.2d at 47-48.
The Court of Civil Appeals accurately summarized the standard for judicial review of a denial of a license by the ABC Board in Davis v. Alcoholic Beverage Control Bd., 636 So.2d 448, 449 (Ala.Civ. App.1994):
"The judicial review of such an action in circuit court is governed by § 41-22-20, Ala.Code 1975. Dawson v. Department of Environmental Management, 529 So.2d 1012 (Ala.Civ.App.1988). Section 41-22-20(k) provides that `the agency order shall be taken as prima facie just and reasonable and the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact, except where otherwise authorized by statute.' The trial court may reverse, modify, or alter a decision of the ABC Board if the Board's action was clearly erroneous, unreasonable, arbitrary, capricious, or an abuse of discretion. Section 41-22-20(k)(6), (7), Ala.Code 1975. In reviewing a trial court's determination as to the propriety of an ABC Board action, this court's standard of review is the same as that of the trial court. Dawson, supra."

Under this standard, the relevant issue is whether the ABC Board's denial of Shabani's application for an off-premises beer license was "clearly erroneous, unreasonable, arbitrary, capricious, or an abuse of discretion." It was not.
The ABC Board derives its authority to issue a retail beer license for off-premises consumption from § 28-3A-17, Ala.Code 1975, which provides:
"Upon applicant's compliance with the provisions of this chapter and the regulations made thereunder, the board shall issue to applicant a retail beer license which will authorize the licensee to purchase beer, including draft beer in counties or municipalities where the sale thereof is permitted, in original unopened containers from licensed wholesalers and to sell such beer in packaged form at retail for off-premises consumption, where such use of the proposed location is not, at the time of the original application, prohibited by a valid zoning ordinance or other ordinance in the valid exercise of police power by the governing body of the municipality or county in which the retail outlet is located."

(Emphasis supplied.)
When Shabani applied for an off-premises beer license, the Gadsden City Council denied the application as an expansion of a nonconforming use, which was not permitted under its zoning ordinances. Its action was an appropriate restriction of any such expansion. See Fulford v. Board of Zoning Adjustment of City of Dothan, 256 Ala. 336, 54 So.2d 580 (1951) (the sale of beer in a restaurant in a residential area would be an unauthorized extension of that nonconforming business under Dothan's zoning ordinance). The ABC Board properly denied Shabani's application on the basis that the license would expand a nonconforming use in violation of a valid zoning ordinance.
The trial court and the Court of Civil Appeals improperly restricted the City of Gadsden's interpretation of its zoning ordinances. *53 The Court of Civil Appeals stated:
"The convenience store is allowed to operate in a residential district because it existed in that neighborhood before the zoning ordinances were enacted. A delicatessen is a separate classification from a convenience store and is not allowed to operate in a residential area. The delicatessen in this case did not exist before the adoption of the zoning ordinances, and it appears to be an expansion of a nonconforming use. However, if the City interprets its zoning ordinances to allow such a use, as it did in the present case, then the addition of beer to be sold off-premises should be allowed as well."
819 So.2d at 49. However, this Court has noted the "material distinction between the strictly restaurant business and the retail beer business and between the sale of coffee, tea, milk and soft drinks as an incident to the sale of food and the sale of intoxicating beverages." Fulford, 256 Ala. at 339, 54 So.2d at 582. Although the trial court referred to beer as simply another "product line," it is clear that "intoxicating liquors are in a class by themselves and not to be regarded as one of the ordinary commodities of food or other harmless products." Id. While Fulford dealt with the sale of beer for on-premises consumption, the applicable standard of review does not permit a court to require a municipality to allow the expansion of a nonconforming use through the issuance of a license for the sale of beer for off-premises consumption.
The trial court erred in ordering the ABC Board to issue a license to Shabani to sell beer for off-premises consumption. The Court of Civil Appeals erred in affirming the judgment of the trial court as to the issuance of the license. Therefore, we reverse the judgment of the Court of Civil Appeals and remand the case for an order or further proceedings consistent with this opinion.
REVERSED AND REMANDED.
MOORE, C.J., and HOUSTON, SEE, BROWN, HARWOOD, and STUART, JJ., concur.
LYONS, J., concurs specially.
LYONS, Justice (concurring specially).
I join the majority opinion and concur specially. The defect in the opinion of the Court of Civil Appeals lies in its refusal to allow the ABC Board to accept the City's application of its ordinance. The ABC Board acts pursuant to § 28-3A-17, Ala. Code 1975, which allows it to issue a license for retail sale of beer for off-premises consumption where such a use is not prohibited by a valid municipal zoning ordinance. The City refused to issue a license to Shabani to sell beer off-premises because the City's zoning ordinances condemned the expansion of a nonconforming use. That determination was never challenged in a proceeding against the City. The City is not a party to this proceeding. Under the standard of review applicable to actions of the ABC Board, it is not appropriate for a court to convert an application to the ABC Board for the issuance of a license into a proceeding to review a city's previous adverse determination as to the effect of its zoning ordinance.