BUILDING COMMISSIONER OF MEDFORD *vs.* EARL C. McGRATH.

Middlesex. October 7, 1942. — December 1, 1942.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Zoning.*

Under the provisions of G. L. (Ter. Ed.) c. 40, § 26, as inserted by St. 1933, c. 269, § 1, a zoning ordinance did not apply to a riding school that had been in existence on certain premises before the adoption of the ordinance although after such adoption the horses kept on the premises had increased from two to twenty or more, it not appearing that there had been any alteration of the building on the premises.

BILL IN EQUITY, filed in the Superior Court on July 10, 1942.

The case was heard by *Morton*, J., and in this court was submitted on briefs.

*M. E. Gallagher, Jr.*, City Solicitor, for the plaintiff.

*J. W. Norton*, for the defendant.

LUMMUS, J. This is a bill in equity to restrain the defendant from violating a zoning ordinance of Medford by maintaining a riding school without a permit from the plaintiff granted upon an application approved by the board of aldermen. A master found that the premises occupied by the defendant have been used as a riding school since a time before the enactment of the zoning ordinance on October 28, 1925, though the number of horses kept on the premises has increased from two to twenty or more. After the confirmation of the master's report, a final decree dismissing the bill was entered, from which the plaintiff appealed.

General Laws (Ter. Ed.) c. 40, § 26, as inserted by St. 1933, c. 269, § 1, provides that a zoning "ordinance or by-law . . . shall not apply to existing buildings or structures, nor to the existing use of any building or structure, or of land to the extent to which it is used at the time of adoption of the ordinance or by-law, but it shall apply to any change

of use thereof and to any alteration of a building or structure when the same would amount to reconstruction, extension or structural change, and to any alteration of a building or structure to provide for its use for a purpose or in a manner substantially different from the use to which it was put before alteration, or for its use for the same purpose to a substantially greater extent."

The use of the premises for a riding school was an existing nonconforming use at the time of the adoption of the zoning ordinance, and hence was unaffected by the ordinance. There was no change in use. There was, so far as appears, no alteration of the building. It has been decided that a nonconforming use of the same premises may be not only continued but also increased in volume. *Cochran* v. *Roemer,* 287 Mass. 500, 508.

*Decree affirmed.*