WM. W. GRAHAM ET AL., APPELLANTS, V. GRAYBAR ELECTRIC COMPANY, INC., A CORPORATION, ET AL., APPELLEES.

63 N. W. 2d 774

Filed April 9, 1954. No. 33518.

*William W. Graham,* for appellants.

*Truman W. Morsman, Neal H. Hilmes, Morsman, Maxwell, Fike & Sawtell, Edward F. Fogarty, Bernard E. Vinardi,* and *Herbert M. Fitle,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is an action in which property owners of the city of Omaha are plaintiffs and property owners and the city of Omaha are defendants. It involves a zoning ordinance. Plaintiffs sought an order permanently enjoining the city from granting a building permit and the defendant property owners from obtaining a building permit for the erection of industrial buildings and roadways on their property and for equitable relief.

Graybar Electric Company and the city of Omaha demurred generally for the reason that plaintiffs failed to plead facts sufficient to state a cause of action. The trial court sustained the demurrers and dismissed the action. Plaintiffs appeal. We affirm the judgment of the trial court.

The demurrers admit these facts which are alleged.

Defendant Graybar is a Nebraska corporation. The city of Omaha is a Nebraska municipal corporation.

In 1924 the city enacted a comprehensive zoning ordinance. Plaintiffs are the owners of property designated as "Residential" in the ordinance. Graybar is purchasing property, from the defendant Morton, which is

designated as "1st Industrial" under the ordinance. Plaintiffs seek to prevent the use of this property for commercial purposes.

All of the area within a radius of a mile of plaintiffs' property ("small spots" excepted) is zoned residential and "almost" entirely built up and improved with family residences.

Plaintiffs allege that the ordinance is "spot" zoning; that Graybar's property is a "small area * * * lying East of the right-of-way of the Omaha Belt Railway"; and that to permit the defendants to use their property for industrial purposes will depreciate the value of plaintiffs' property and result in irreparable loss and injury. They allege conclusions of law as to the illegality of the ordinance.

Attached to plaintiffs' petition is a map of the city of Omaha, showing among other things that property adjacent to the line of the Omaha Belt Railway is zoned first industrial throughout a large part of the course of that railway through the city.

Plaintiffs contend that the ordinance is illegal because it is "spot zoning." The basis of this is that Graybar's land is a "small area." No other facts are pleaded. The validity or invalidity of spot zoning depends upon more than the size of the spot. Town of Marblehead v. Rosenthal, 316 Mass. 124, 55 N. E. 2d 13.

The fact that property which is zoned residential is near property which is zoned first industrial does not make the ordinance illegal. Feraut v. City of Sacramento, 204 Cal. 687, 269 P. 537.

Plaintiffs contend that the ordinance is illegal because it reduces the value of their property, invades property rights, deprives them of their property in violation of the state and federal Constitutions, and is an unlawful exercise of the police power. It is axiomatic that every exercise of the police power in respect to the use of land is likely to affect adversely the property interests of somebody. Spector v. Building Inspector of Milton,

250 Mass. 63, 145 N. E. 265; Zahn v. Board of Public Works, 195 Cal. 497, 234 P. 388. Contentions of this character have been considered and answered in Dundee Realty Co. v. City of Omaha, 144 Neb. 448, 13 N W. 2d 634, wherein we held: "The police power is inherent in the effective conduct and maintenance of government and is to be upheld even though the regulation affects adversely property rights of some firm, business or individual."

And again in Davis v. City of Omaha, 153 Neb. 460, 45 N. W. 2d 172, where we held: "The zoning of property is permissible under the police power and its exercise may not be denied on the ground that individual property rights may be adversely affected."

Plaintiffs plead that they had petitioned the city and the Omaha Planning Commission for the zoning of Graybar's property as residential, and that no action has been taken. From their briefs it seems that plaintiffs consider that the power of an equity court in this matter is co-equal and coincident with the power of the city; that if the city fails to rezone, an equity court may in effect do so by injunction; and that the court has the power to determine whether or not Graybar's property should remain zoned as first industrial or rezoned as residential.

As to that the rules are:

"What is the public good as it relates to zoning ordinances affecting the use of property is, primarily, a matter lying within the discretion and determination of the municipal body to which the power and function of zoning is committed, and, unless an abuse of this discretion has been clearly shown, it is not the province of the courts to interfere." City of Omaha v. Glissmann, 151 Neb. 895, 39 N. W. 2d 828.

"The validity of a zoning ordinance will be presumed in the absence of clear and satisfactory evidence to the contrary." Davis v. City of Omaha, *supra*.

We conclude that the judgment of the trial court in

sustaining the demurrers was not erroneous. It is affirmed.

AFFIRMED.