BUILDNG INSPECTOR OF MALDEN *vs.* WERLIN REALTY, INC.

Middlesex.    October 8, 1965. — November 5, 1965.

Present: SPALDING, WHITTEMORE, CUTTER, KIRK, SPIEGEL,
& REARDON, JJ.

*Zoning,* Nonconforming use, Amendment of by-law or ordinance, Enforcement.

A use of premises in a general residence zoning district of a city, commenced after the adoption of its zoning ordinance, for the storage of ice cream cones and straws, was different in kind from a nonconforming use made of the premises at the time of the adoption of the ordinance for the manufacture and incidental storage of oxygen products, and did not have the status of a preëxisting nonconforming use by reason of the earlier use.  [624–625]

One who bought a building in a city in reliance on an opinion of the city solicitor to the building inspector to the effect that a nonconforming use of the building intended by the buyer was permissible obtained no right to violate the zoning ordinance by such use.  [625–626]

Adoption of an amendment of the nonconforming use section of the zoning ordinance of a city did not establish an invalid nonconforming use of premises existing at the time of the amendment as an exempted nonconforming use then and thereafter.   [626]

BILL IN EQUITY filed in the Superior Court on July 10, 1964.

The suit was heard by *Tomasello, J.*

*Leo P. DeMarco,* for the plaintiff, submitted a brief.

*Warren K. Kaplan* for the defendant.

WHITTEMORE, J.   The building inspector of Malden has appealed from the final decree of the Superior Court dismissing his bill of complaint to enjoin the use by the defendant of the premises at 135 Pierce Street, Malden, in a general residence district for the storage of ice cream cones and straws.   The evidence is reported.   There was a report of material facts.   The judge ruled that the defendant's use of the premises, which began in March, 1963, soon after the defendant bought the premises, was a valid nonconforming use.   This was error.

The judge found that at the time of the enactment of the zoning ordinance in 1928 the premises were occupied by another concern and used primarily for the manufacture and storage of oxygen products.   An officer of the defendant testified that the storage was of "tanks . . . to be shipped out" and occupied the front part and about three quarters of the premises.   In the period between 1928 and 1963 the premises were used for the manufacture and storage of hospital equipment and the cleaning of rugs with the storage incident thereto.

General Laws, c. 40A, § 5, exempts from the application of the zoning ordinance the use of any building or structure at the time of the adoption and excludes from the exemption "any change of use."   In the absence of a special provision in the ordinance, the test is whether the new use is different in quality from the nonconforming use.   *Marblehead* v. *Rosenthal,* 316 Mass. 124, 128.   *Hinves* v. *Commissioner of Pub. Works of Fall River,* 342 Mass. 54, 57. "That the use of the premises . . . is no more objection-

able than the nonconforming use cannot avail the . . . [defendant]." *Adamsky* v. *Mendes,* 326 Mass. 603, 605. Language that bars uses "substantially different in character" excludes "even those [other] uses which in the circumstances could be found to be more in accord with the zoning purpose indicated for the community." *Dobbs* v. *Board of Appeals of Northampton,* 339 Mass. 684, 688. Manufacture and incidental storage of oxygen and the storage of ice cream cones and straws are sufficiently unlike to support different zoning classifications. The evidence does not support the defendant's suggestion that the nonconforming use was storage of commodities so that any such storage would be within the nonconforming use. Compare *North Am. Bldg. & Loan Assn.* v. *Board of Adjustment of New Brunswick,* 117 N. J. L. 63; *Schaible* v. *Board of Adjustment of Millburn,* 15 N. J. Misc. 707; *President & Trustees of Ossining* v. *Meredith,* 190 Misc. (N. Y.) 142.

The ordinance as adopted in 1928 and as in effect in March, 1963, was substantially in the terms of the statute in effect in 1928.[1] The ordinance thus did not intend to allow changes at the site of nonconforming uses beyond the exemption of the statute. See *Hinves* v. *Commissioner of Pub. Works of Fall River,* 342 Mass. 54, 55. Cases under ordinances or by-laws allowing such changes are therefore not in point. See cases cited and discussion in *Chilson* v. *Zoning Bd. of Appeal of Attleboro,* 344 Mass. 406, 412–413.

The defendant obtained no right to violate the zoning ordinance by its reliance, in buying the building, on the opinion of the city solicitor then in office, rendered to the building inspector, with copy to the defendant's attorney (after the inspector had expressed the view that the defendant's use would not conform to the ordinance), that the intended purpose is "less of a nuisance than the origi-

---

[1] G. L. c. 40, § 29, as amended by St. 1925, c. 116, § 3. The ordinance, c. 50, § 9, read: "This ordinance shall not apply to existing buildings or structures nor to the existing use of any building or structure, but it shall apply to any alteration of a building or structure to provide for a purpose, or in a manner, substantially different from the use to which it was put before the alteration."

nally intended use of the premises, and therefore, I believe that the permit should be granted." *Building Commr. of Brookline* v. *McManus,* 263 Mass. 270, 274. *Ferrante* v. *Board of Appeals of Northampton,* 345 Mass. 158, 162–163. The *Chilson* case, *supra* (344 Mass. at 407–410), is distinguishable on its facts in several aspects.

There is nothing in the point that the amendment of the nonconforming use section of the ordinance on June 6, 1963, established the defendant's prior use of the premises for storage of ice cream cones and straws as an exempted nonconforming use on and after that date.

The final decree is reversed. A decree is to enter in the Superior Court enjoining the defendant's use of the premises for the storage of ice cream cones and straws. G. L. c. 40A, § 22.

*So ordered.*