J. W. AUTO PARTS, INC., A CORPORATION, APPELLANT, V. CITY OF OMAHA, A MUNICIPAL CORPORATION, APPELLEE.

193 N. W. 2d 281

Filed December 30, 1971. No. 38004.

Robert H. Beach of Westering & Beach, for appellant.

Herbert M. Fitle, Frederick A. Brown, Edward M. Stein, James E. Fellows, Allen L. Morrow, Jon B. Abbott, George B. Selders, Jr., Kent N. Whinnery, Verne W. Vance, and Thomas F. Dowd, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

The city council of Omaha and the district court, on appeal, denied the plaintiff a permit to operate an automobile salvage and used parts business on his property. The district court dismissed this suit for an injunction against the city. We affirm the judgment of the district court.

The only question presented is whether there was a rational basis for the city council's action. The regulat-

ing body has a wide discretion in the granting or denying of a permit and the record must show arbitrary and unreasonable action. Judicial review does not permit policy determinations. The record shows, inter alia, the following:

(1) Close proximity to residential areas at higher elevations (6 nearby and a residential area in the City of Ralston, 6 blocks away);

(2) Smoke and soot infiltrating the residential areas from fires deliberately set to burn out automobile interiors in the process of dismantling;

(3) One hundred and fifty cars stored or parked in various stages of dismantling on the back lot of plaintiff's premises;

(4) Used and dismantled parts stored and strewn about in disorder on the premises;

(5) Besides the smoke problem, the evidence is undisputed as to the general unsightliness of the plaintiff's operation;

(6) The deliberate burning of the wrecked cars in the dismantling process, with the consequent fire hazard, in a rapidly developing area already including many residences;

(7) Accidental fires resulting from the use of cutting torches in the dismantling process. They are not infrequent, three occurring between the time the temporary injunction was granted and the trial in the district court; and

(8) The hazard inherent in the attraction of the premises to small children and the increasing danger as the area develops.

The validity of the ordinance under which the council took action, or the power of the city to reasonably regulate the use in question, is not challenged.

Applicable here in principle is what we said in Graham v. Graybar Electric Co., Inc., 158 Neb. 527, 63 N. W. 2d 774: "What is the public good as it relates to zoning ordinances affecting the use of property is, pri-

marily, a matter lying within the discretion and determination of the municipal body to which the power and function of zoning is committed, and, unless an abuse of this discretion has been clearly shown, it is not the province of the courts to interfere." Of the same import are: City of Omaha v. Glissman, 151 Neb. 895, 39 N. W. 2d 828; State ex rel. Krittenbrink v. Withnell, 91 Neb. 101, 135 N. W. 376; Dundee Realty Co. v. City of Omaha, 144 Neb. 448, 13 N. W. 2d 634; Pettis v. Alpha Alpha Chapter of Phi Beta Pi, 115 Neb. 525, 213 N. W. 835.

From what we have said it is clear that the city council and the district court did not abuse their discretion in refusing relief.

The judgment of the district court is correct and is affirmed.

AFFIRMED.

CLINTON, J., participating on briefs.