FIRST CRESTWOOD CORPORATION & others *vs.* BUILDING INSPECTOR OF MIDDLETON & others.

Essex.    December 9, 1974. — April 23, 1975.

Present: HALE, C.J., ROSE, KEVILLE, GRANT, & ARMSTRONG, JJ.

*Zoning,* Nonconforming use, Stone crushing, Quarry.  *Equity Pleading and Practice,* Master: findings.

The use of stone crushers at a quarry operating as an existing nonconforming use was an illegal extension of the nonconforming use where stone crushing had never been previously conducted on the premises and where stone crushing did not constitute an improvement or enlargement of the existing use but was a new activity beyond the scope of the original nonconforming use. [236]

BILL IN EQUITY filed in the Superior Court on June 4, 1971.

The suit was heard by *Connolly,* J., on a master's report.

*Lawrence H. Adler* for the plaintiffs.

*Jerome A. Segal,* Town Counsel, for the Building Inspector of Middleton & others.

KEVILLE, J.   The plaintiffs, First Crestwood Corporation (Crestwood) and three corporate associates, brought a petition for declaratory relief in the Superior Court pursuant to G. L. c. 231A against the building inspector and the selectmen of the town of Middleton seeking a determination of their right to utilize stone crushers in a quarry pursuant to an existing nonconforming use. The dispute was referred to a master and the parties stipulated that two issues were to be resolved:  (1) whether the operation of stone crushers at the quarry constituted an illegal extension of an existing nonconforming use, and (2) whether sounds resulting from the operation of the stone crushers constituted a nuisance. In view of our disposition of the first issue, we need not discuss the second.

The master concluded that the use of stone crushers was incidental to the main use, the removal of quarried stone, and did not amount to an extension of a nonconforming use. The trial judge sustained the building inspector's objection to the conclusion of the master but otherwise confirmed his report. In his "Final Judgment" he adjudged that the stone crushers were an illegal extension of the existing nonconforming use, enjoined the plaintiffs from using crushers at the quarry site, and ordered that the petition be otherwise dismissed. The plaintiffs appeal, contending that the building inspector's objections to the master's report should not have been sustained and that the judge erred in ruling that the stone crushers were an illegal extension of a nonconforming use.

Since the evidence is not reported, the subsidiary facts found by the master are conclusive unless they are mutually inconsistent, contradictory or plainly wrong. *Spencer* v. *Rabidou*, 340 Mass. 91, 92 (1959). *John P. Condon Corp.* v. *Stateline Contractors, Inc.* 353 Mass. 137, 139 (1967). And where "the master in his report sets forth all of the subsidiary findings upon which he bases an ultimate conclusion, it is the duty of the trial court, and of this court, to draw its own inferences from those findings." *Corrigan* v. *O'Brien*, 353 Mass. 341, 346 (1967). *Wormstead* v. *Town Manager of Saugus*, 366 Mass. 659, 660 (1975). Thus, it is open to this court, as it was to the judge, to reach its own conclusions. *Corrigan* v. *O'Brien, supra*, at 346.

The master found that the land had been used as a gravel pit since at least 1934 or 1935. While trucks, bulldozers and steamshovels had been involved in digging and in the removal of stone, stone crushing machines had never been used at the quarry site until Crestwood contracted to permit their associates to use the quarry. These companies were in turn under contract with the Commonwealth to provide three-inch-size stones for the construction of an interstate highway. The crushers were driven by diesel engines. One reduced the stone to ten-inch pieces and the other further reduced the stone to three-inch size. The stone crushing operation was discontinued when the build-

ing inspector notified Crestwood that these operations violated the terms of a final decree entered in a proceeding between the town and Crestwood's predecessor in title. That decree had recognized, as a valid nonconforming use, the right to remove quarried stone.

The standards for determining whether or not a use of property is permissible as a nonconforming use are set forth in *Powers* v. *Building Inspector of Barnstable*, 363 Mass. 648 (1973). "The first test is whether the present use reflects the nature and use prevailing when the zoning by-law took effect.... The second test is whether there is a difference in the quality or character, as well as the degree, of the present use.... The third test is whether the current use is different in kind in its effect on the neighborhood." *Powers* case, *supra*, at 663. *Bridgewater* v. *Chuckran*, 351 Mass. 20, 23 (1966).

Applying these standards to the facts found by the master, we conclude that the stone crushing operation constituted an extension of the existing nonconforming use and is therefore not to be permitted. No such operation had ever been conducted on the premises. Nor is this a situation where the means of conducting an existing use have been improved or enlarged. See *Building Commr. of Medford* v. *McGrath*, 312 Mass. 461 (1942); *Wayland* v. *Lee*, 325 Mass. 637, 643 (1950); *Morin* v. *Board of Appeals of Leominster*, 352 Mass. 620, 624 (1967); *Berliner* v. *Feldman*, 363 Mass. 767, 775 (1973). While the excavation and removal of stone from the premises were permissible uses, the process of crushing stone represents a "new enterprise" (see *Crawford* v. *Building Inspector of Barnstable*, 356 Mass. 174, 180 [1969]), an activity beyond the scope of the original nonconforming use. Furthermore, the stone crushing operation, being different in kind, would not be permitted even if it were in fact no more objectionable than the existing nonconforming use. *Adamsky* v. *Mendes*, 326 Mass. 603, 605 (1950). *Building Inspector of Malden* v. *Werlin Realty, Inc.* 349 Mass. 623, 624-625 (1965).

The judgment is modified by striking the last paragraph

which ordered the petition be "otherwise dismissed," and as so modified, the judgment is affirmed.

*So ordered.*