### Richmond

## BOARD OF ZONING APPEALS OF SPOTSYLVANIA COUNTY

### V.

## RICHARD M. McCALLEY

March 11, 1983.

Record No. 801599.

Present: Carrico, C.J., Cochran, Poff, Compton, Thompson,* Stephenson, and Russell, JJ.

---

* Justice Thompson participated in the hearing and decision of this case prior to the effective date of his retirement on March 2, 1983.

*Robert M. Rolfe (Robert F. Brooks; Hunton & Williams*, on briefs), for appellant.

No brief or argument for appellee.

RUSSELL, J., delivered the opinion of the Court.

This case arises out of a determination by the Board of Zoning Appeals that a nonconforming use of land was unlawful because it was not a continuation of the use which existed when the zoning ordinance was adopted.

Richard M. McCalley leases and operates the Rappahannock Forge, a combination metal forge and machine shop which does welding, metal painting, and blacksmith work in Spotsylvania County. After neighbors complained of noise and paint fumes coming from the property, the zoning administrator mailed a "notice of violation and order of correction" to McCalley. McCalley sought an administrative certification that he was operating a lawful, nonconforming use, but it was denied. McCalley's landlords appealed this decision to the Board of Zoning Appeals. They asserted that the present use was a continuation of a nonconforming use which preexisted the zoning ordinance, and thus was entitled to exemption from the operation of the zoning ordinance. The Board, after hearing evidence, determined that the present use was not the same as, or one more restricted than, the use which had existed when the zoning ordinance was adopted. Thus, the Board held that the present use was not exempt from the application of the ordinance, denied the appeal, and affirmed the zoning administrator's ruling.

McCalley filed a timely petition for certiorari to the circuit court pursuant to Code § 15.1-497. The case was heard on the record made before the Board of Zoning Appeals and the memoranda and arguments of counsel. The court entered a decree reversing the Board's determination and holding that McCalley's operation was a lawful nonconforming use. The language of the decree clearly frames the question before us:

[T]he Board of Zoning Appeals interpreted Section 6-1.9 of the Zoning Ordinance as restricting the exemption granted to uses of land under the Nonconforming Use Ordinance to only such uses as are identical in character to the original nonconforming use; and . . . the Board of Zoning Appeals has not interpreted that ordinance to allow all uses permitted by the same zoning classification as would apply to the original nonconforming use;

WHEREFORE, the Court being of the opinion that Section 6-1.9 of the Zoning Ordinance is vague as it addresses the question of whether a use identical in character or use permitted by the same zoning classification is necessary for the perpetuation of the nonconforming use exemption, the Court doth ADJUDGE, ORDER and DECREE that a use of property identical in character to the original nonconforming use is not necessary under the Zoning Ordinance in order to preserve the nonconforming use exemption, and that the term "existing use" as set forth in Section 6-1.9 of the Zoning Ordinance refers to all uses permitted by the Zoning Ordinance within the specific zoning category which would normally apply to the original nonconforming use, and thus, in this matter, to all uses permitted by zoning category Industrial (1).

The Court doth further ADJUDGE, ORDER and DECREE that the decision of the Board of Zoning Appeals of Spotsylvania County is plainly wrong and should be, and hereby is, set aside.

The zoning ordinance was adopted in April 1973. It contained the following provisions relating to nonconforming uses:

6-1.9   Nonconforming Uses:
Section 1   Any activity or use of land, buildings, or structures, lawfully existing at the time of adoption of this Zoning

Ordinance, which do not conform to the regulations and re-strictions prescribed for the district in which they are situ-ated may be continued only so long as the then existing or a more restricted use continues.

2  Effect of abandonment of nonconforming use for two years. In case a nonconforming use shall be abandoned for two years, then such nonconforming use shall terminate and revert to the conforming use of the zone in which it is lo-cated. This section shall not apply where the nonconform-ance is occasioned only by variation in area, yard, height or off-street parking requirements.

The property has been included, since the ordinance first be-came effective, in a residential (R-2) zone which permits no busi-ness or industry. The building, however, was constructed as a warehouse prior to the adoption of the ordinance and was used as an automobile body shop when the ordinance went into effect. The evidence showed that fifteen to twenty automobiles were some-times on the premises, and that the activities included painting and "beating out fenders."

The body shop was vacated in September 1974, and the build-ing was used by another tenant until May 1978 as an assembly plant for boats, trailers and related equipment. The record con-tains few details as to this operation.

McCalley has occupied the property since the summer of 1978. His business is primarily concerned with the fabrication of metal railings. It includes pressing, welding, and painting operations. While these activities parallel some of those carried on by the body shop which was operated when the zoning ordinance became effective, the Board found as a fact that the present use is of an entirely different character than that which preexisted the ordinance.

■  The Spotsylvania County Zoning Ordinance was adopted pursuant to Code § 15.1-492, which requires local governing bod-ies adopting zoning ordinances to protect nonconforming uses "so long as the then existing or a more restricted use continues and such use is not discontinued for more than two years." We held in *Knowlton* v. *Browning-Ferris*, 220 Va. 571, 260 S.E.2d 232 (1979), that where the *character* of a nonconforming use changes, it ceases to enjoy the exemption which protected the "then ex-isting" use. The Board correctly applied this test.

No additional evidence was presented to the circuit court in the certiorari proceeding, and there was no factual support for an argument that the character of the use had remained the same. Indeed, McCalley made no such contention, but rather argued that because the body shop fit into the category of uses permitted in an Industrial (I-1) zone under the ordinance, then all other I-1 uses would be protected. McCalley sought exemption for his present use because it, too, fits into the I-1 category. The court erred in accepting this as the controlling test, rather than the change-of-character test prescribed by *Knowlton*.

We further observe that even if the character of the present use were the same as that of the use which preexisted the zoning ordinance, the exemption extended to nonconforming uses would have been lost by virtue of the abandonment of the original use for a period in excess of two years. This loss took place during the occupancy of the premises by a boat assembly plant, from 1974 until 1978, a use distinctly different in character from the original.

For these reasons, the order appealed from will be reversed and final judgment will be entered here affirming the decision of the Board of Zoning Appeals.

*Reversed and final judgment.*