ON APPLICATION FOR REHEARING
MADDOX, Justice.
This Court’s opinion of December 19, 1986, is withdrawn and the following opinion is substituted in its place.
Dauphin Stor-All, Inc. (“Dauphin”), sought a writ of mandamus from the Circuit Court of Mobile County to compel officials of the City of Mobile to issue Dauphin and its tenant, After Market Parts and Supply, Inc. (“AMPS”), a business license to operate a wholesale/retail business for automobile parts. Dauphin appeals from the denial of the writ; we affirm.
Dauphin purchased property at 1106 Dauphin Street in Mobile from Smith’s Bakery in 1981. Smith’s Bakery had owned the property since 1914. In 1967, the Board of Commissioners of the City of Mobile adopted a zoning ordinance, and pursuant to it, the property on Dauphin Street was zoned B-2. A B-2 zone, neighborhood business district, is zoned to allow only businesses which satisfy the daily needs of the surrounding residential neighborhoods, such as grocery stores, pharmacies, and shoe repair shops. Smith’s Bakery continued to operate after the adoption of the zoning ordinance because it was a lawful nonconforming use that predated the zoning ordinance.
After Dauphin purchased the property from the bakery, it leased the premises to AMPS. AMPS sells automobile collision replacement parts, such as fenders, hoods, grills, and bumpers. Approximately 80% of its business is wholesale to customers such as automobile repair shops. The zoning ordinance classifies business operations such as AMPS as “wholesaling” and designates them as 1-1 (industrial, etc.) activities. Dauphin petitioned the Mobile County Circuit Court for a writ of mandamus to order Arthur Outlaw (Mayor of Mobile), M.G. Hutton (director of the Inspection Services Department of the City of Mobile), and Lawrence Harrison (director of the Revenue Department of the City of Mobile) to issue AMPS a license to do business at the premises.
The court denied the writ of mandamus. It made several findings of fact, which follow:
“3. The property in question is zoned B-2, which would allow neighborhood businesses to operate, but would not allow the retail and wholesale of automobile parts as contemplated by the petitioner. The wholesale bakery that operated from said premises was a B-3 use allowed as a non-conforming use in existence at the time of the adoption of the zoning ordinance.
U * * * *
“6. The section of the ordinance which allows non-conforming uses provides that such uses may continue, so long as there is not a break in said use for a period of three years, and further provides that non-conforming uses may be changed to another non-conforming use provided that the new use is one that is, within the zoning classification of the previous non-conforming use.
“7. The City’s zoning ordinance clearly provides that a wholesale bakery business is a B-3 use. The ordinance also clearly provides that a storage and wholesale type business of the kind contemplated by the petitioner’s lessee is an industrial 1-1 use. The petitioner’s proposed use of the property is not within the zoning classification of the previous non-conforming use.”
Dauphin contends on appeal that Smith's Bakery could be designated under the zoning ordinance as “Bakery, Retail,” “Bakery, Wholesale,” “Food Products Manufacturer,” “Food Products, Wholesale Storage *1226 and Sales,” and “Wholesale Warehousing.” Dauphin contends that these designations are permitted in every district under the zoning ordinance from B-2 through 1-1 and that because AMPS is an 1-1 use, it would therefore be a continuance of the prior nonconforming use and consistent with the zoning ordinance.
We are of the opinion that the trial court was justified in holding that the City and its officials did not abuse their discretion by denying a license to AMPS to use the property as proposed by AMPS. The trial court heard the testimony, admitted documentary evidence, and listened to argument on the issue of whether the City’s refusal to grant it a license was arbitrary and capricious. The evidence revealed that the AMPS operation involves the wholesaling of large auto parts, such as fenders, bumpers, hoods, and grills, primarily to automobile repair shops.
Based on these facts, the trial court’s decision is consistent with the public policy of restricting, rather than extending, nonconforming uses, because the long-term objective is the gradual elimination of zoning nonconformities. Coleman v. Estes, 281 Ala. 234, 201 So.2d 391 (1967); Fulford v. Board of Adjustment, 256 Ala. 336, 54 So.2d 580 (1951). Consistent with this policy, the courts of Alabama, as well as the courts of other jurisdictions, have invalidated extensions or changes of nonconforming uses even when the changes or extensions would not have resulted in a substantially more intensive use of the property. See Fulford v. Board of Adjustment, supra; Board of Zoning Appeals v. McCalley, 225 Va. 196, 300 S.E.2d 790 (1983); Hinves v. Commissioner of Public Works, 342 Mass. 54, 172 N.E.2d 232 (1961); Wechter v. Board of Appeals, 3 Ill.2d 13, 119 N.E.2d 747 (1954).
In Fulford, this Court reviewed a Do-than Board of Adjustment decision which denied a restaurant’s right to sell beer under a duly issued liquor license. Although located in a residential zone, the restaurant had been permitted to continue its operation because it predated adoption of the zoning ordinance; however, the restaurant did not seek to serve beer until after the ordinance was adopted. This Court found that the sale of beer, if permitted, would have been an invalid extension of the prior nonconforming use.
Decisions of other states are in accord with the holding we make today. In Board of Zoning Appeals v. McCalley, supra, the Virginia court held that use of premises as a machine shop was not so similar to a prior use as an auto body shop as to constitute a continuation of the prior nonconforming use. In Hinves v. Commissioner of Public Works, supra, the Massachusetts court held that the use of the premises in a single family residence district for a catering service was not permissible under a city zoning ordinance as a continuation of a prior nonconforming use as a grocery store. In Wechter v. Board of Appeals, supra, the Illinois court held that a prior use of a building to conduct tinsmith and woodworking operations was not the same as a new use of spraying paint and protective coating on metal parts or fabrications manufactured elsewhere.
We point out that this was a petition for mandamus against the City of Mobile and its officials seeking to have the city grant it a license to operate a business which would constitute a nonconforming use.. This is not a case involving an appeal from a denial of a request filed before a Board of Adjustment for a variance. The trial court in the instant case, in its final order, stated as follows:
“The court further finds that the zoning ordinance provides that property owners whose property will suffer an ‘unnecessary hardship’ because of the enforcement of the zoning ordinance may apply for a variance with the Board of Adjustment of the City of Mobile. The record shows that petitioner’s lessee, After Market Parts & Supply Company, Inc., made such an application for a variance which was heard by the Board of Adjustment on March 3, 1986, and that the same was denied by the Board. From that decision, an appeal could be taken to this court. The zoning ordinance also provides a property owner *1227 with the opportunity to petition the Planning Commission and the City Council for a change in the zoning ordinance as it relates to his property. Neither an appeal of the Board of Adjustment’s decision, nor a petition to the Planning Commission or City Council for a zoning change, has been pursued by petitioner.”
By affirming the trial court’s judgment, we do not suggest that the City would not be empowered to grant a variance, only that the City did not act arbitrarily and capriciously in denying the license in this case.
Based on the applicable law, as we understand it, we are of the opinion that the trial court was authorized to find that the business operation proposed by AMPS was a different and substantially more intensive use than the prior nonconforming use; consequently, AMPS failed to show that it had a clear legal right to relief. The judgment of the trial court is due to be, and it hereby is, affirmed.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED; APPLICATION OVERRULED.
TORBERT, C.J., and ALMON, BEATTY and HOUSTON, JJ., concur.