**CIRCUIT COURT OF WARREN COUNTY**

George C. Hurd et al.

v.

Zoning Appeals Board
of Warren County

August 23, 1999

Case No. (Chancery) 98-203

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on August 19, 1999, on an appeal from a decision of the Warren County Board of Zoning Appeals that commercial motor vehicle painting was a nonconforming use and was therefore an unlawful activity on the property. The parties appeared in person with their counsel, the record was argued, and after consideration the Court has decided to affirm the decision of the Board of Zoning Appeals.

### I. *Statement of Material Facts*

The Petitioners own a building at 8 West 14th Street, Front Royal, Virginia, which is currently located in the C-1 Commercial Zone of the Town. The property is improved by a three bay garage, and the Petitioners maintain that their property may be used to operate an automobile painting business on the property, because it is a grandfathered nonconforming use.

Motor vehicle painting is not a permitted use in the C-1 Commercial Zone but is a permitted use in the I-1 Light Industry Zone. Automobile painting has

not been a permitted use in the C-1 Commercial Zone in Front Royal since at least 1970.

On August 6, 1998, the Front Royal Zoning Administrator notified the Petitioner that automobile painting was not a permitted use on the Petitioner's property and that "operation of the paint bay must cease." The Petitioner then appealed the Zoning Administrator's decision to the Board of Zoning Appeals.

On November 16, 1998, the Petitioner's appeal was heard by the Front Royal Board of Zoning Appeals which determined that automobile painting was never a primary use on the property.

The record does not disclose the exact nature and extent of the alleged motor vehicle painting on the property in 1970, which is the time that the zoning restrictions prohibiting motor vehicle painting on the subject property were imposed.

From 1984 to 1990, the building in question was used primarily as an automobile towing and storage facility, although there may have been occasional automobile painting during that time incident to the towing business.

## II. *Conclusions of Law*

"The decision of a board of zoning appeals is presumed to be correct on appeal to a circuit court; the appealing party bears the burden of showing that the board applied erroneous principles of law or was plainly wrong and in violation of the purpose and intent of the zoning ordinance." *Masterson v. Board of Zoning Appeals*, 233 Va. 37, 44, 353 S.E.2d 727 (1987).

In deference to the constitutional prohibition against impairing vested property rights without compensation, Virginia Code § 15.1-492 assures a landowner's right to continue the "lawful use" of any land, buildings, and structures "existing on the effective date of the zoning restriction and continuing since that time in non-conformance to the ordinance." *Knowlton v. Browning-Ferris*, 220 Va. 571, 572, n. 1, 260 S.E.2d 232, 234, n. 1 (1979). However, a "use accessory or incidental to a permitted use 'cannot be made the basis for a nonconforming principal use'." *Id.* at 575-76, 260 S.E.2d at 236. In a civil proceeding, the "land user has both the burden of initially producing evidence tending to prove a lawful nonconforming use and the burden of persuading the factfinder." *Id.* at 574, 260 S.E.2d at 235. Thus, "the risk of non-persuasion … rests with the land user claiming the right to continue a nonconforming use." *Id.* at 575, 260 S.E.2d at 236.

In *Masterson v. Board of Zoning Appeals*, 233 Va. 37, 47, 353 S.E.2d 727 (1987), adjoining landowners successfully challenged the use of land in

a residential district as a parking lot for an adjoining hotel complex, and the Supreme Court discussed the burden of proof procedure in land use cases:

> In a civil action in which a use is challenged as illegal, the challenging party has the initial burden of producing evidence to show the uses permitted in the zoning district in which the land is located and that the use of the land is not a permitted use. Upon this showing, the burden shifts to the landowner to show that his use is a lawful nonconforming use. *Knowlton v. Browning-Ferris*, 220 Va. 571, 574, 260 S.E.2d 232, 235 (1979). The evidence is clear that the current zoning of lot 15 is residential and that accessory commercial parking is not a permitted use in a residential district. Thus, the burden fell upon Neptune to establish that its nonconforming use of the lot is lawful. To meet this burden, Neptune had to prove that its use began before the residential zoning restriction applied. This it failed to do.

"Nonconforming uses are not favored in the law because they detract from the effectiveness of a comprehensive zoning plan." *City of Chesapeake v. Gardner Enterprises*, 253 Va. 243, 248, 482 S.E.2d 812 (1997). Accordingly, if the use is discontinued for more than two years, it is no longer permitted, and, if the nonconforming use is changed to a more limited use, the right to the earlier more expansive use is lost. *See Donovan v. Board of Zoning Appeals*, 251 Va. 271, 275, 467 S.E.2d 808 (1996) (local ordinance so stated).

A use incidental to a lawful nonconforming use cannot over time increase into a principle use of a property. *Knowlton v. Browning-Ferris*, 220 Va. 571, 575-76, 260 S.E.2d 232 (1979). In *Board of Zoning Appeals v. McCalley*, 225 Va. 196, 300 S.E.2d 790 (1983) (decided on discontinuance of use), the Supreme Court noted that property which was grandfathered as a nonconforming use as an automobile repair facility could be used as a metal fabrication facility.

In any nonconforming use case, once it has been determined that the use in question is not a permitted use, the burden then shifts to the landowner to first show the character of his nonconforming use in existence at the time when the zoning restriction was imposed upon his property, which in this case was 1970, and then to show that his use of the property has not substantially changed. The first or grandfathered use is the baseline which must first be established so that the character of the current use in question may be assessed. This principle was recognized by the Supreme Court in *Knowlton*

*v. Browning-Ferris*, 220 Va. 571, 576, 260 S.E.2d 232 (1979), where the Supreme Court stated that:

> Recognizing that a nonconforming use need not remain static, we consider whether the character of the nonconforming use in existence when the zoning restriction was imposed has been continued or changed.

In this case, the landowner has failed to carry the burden in showing the nature and extent of the "then existing use" at the time the restriction was placed upon his property in 1970. Moreover, it is also clear that, for a lengthy period of time from 1984 to 1990, only incidental painting was done on the property as an accessory use to an automobile towing business. Therefore, the Board of Zoning Appeals' determination that the incidental painting use could not be increased to the level of a commercial automobile paint shop is supported by the record in this case. In 83 Am. Jur. 2d, *Zoning and Planning*, § 666, the editors state:

> Sometimes the attempted expansion of a nonconforming use takes the form of (1) a change in a previously established nonconforming accessory or incidental use of the premises, or (2) an assertion that a particular use should be treated as accessory to a previously established nonconforming principle use. However, the Courts are generally not sympathetic toward property owners who employ these means of expanding a nonconforming use. Thus, the right to maintain a horse as a nonconforming accessory use of a residence does not include the right to expand the accessory use to a commercial horse farm.

Virginia Code § 15.2-2307 provides that:

> A zoning ordinance may provide that land, buildings, and structures and the uses thereof which do not conform to the zoning prescribed for the district in which they are situated may be continued only so long as the then existing or a more restricted use continues and such use is not discontinued for more than two years ... .

Front Royal Town Code § 175-124 contains comparable provisions providing that a two year discontinuance of a use will result in the loss of a vested right; so, even had there been a commercial automotive painting business on the

property at some point before 1984, the right to continue that use as a primary use was lost when the property was used as a towing and automotive storage facility from 1984 to 1990.

## III. *Decision*

For the foregoing reasons, it is adjudged and ordered that the petition for appeal of the decision of the Board of Zoning Appeals of the Town of Front Royal issued on November 16, 1998, is denied, and the decision of the Board of Zoning Appeals determining that the operation of an automobile paint shop on the subject premises is a nonconforming, unlawful use is affirmed.